216 A.2d 889.

ROBERT TURNER *vs.* J. JOSEPH NUGENT, *Attorney General of the State of Rhode Island.*

FEBRUARY 16, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

PAOLINO, J. This is an employee's petition to exceed the medical maximum as provided by G. L. 1956, §28-33-5, as amended. The full commission affirmed a decree of the trial commissioner denying and dismissing the petition. The cause is before us on the employee's appeal from the decree of the full commission.

The employee sustained a compensable injury in August 1957. A preliminary agreement was entered into between the parties in January 1963. In July 1964 the employee filed the instant petition. At the hearing before the trial commissioner the employee testified that he was still receiving benefits under the act; that he was being treated by Dr. Roderick P. Urquhart on the average of once or twice a week; and that he was receiving diathermy, massage and ultrasonic treatments.

The employee presented in evidence a medical report of Dr. Urquhart. His diagnosis is "chronic cervical strain with bilateral bicipital tendonitis." The report states that the treatments were given to the employee to retain motion in his shoulders and to "lessen his discomfort." It further appears that Dr. Urquhart prescribed a cervical collar to relieve some of the pressure and pain, and a shoulder brace to reduce the weight of the arm upon the tendons in the shoulders.

The respondent presented in evidence a medical report of Dr. E. Arthur Catullo, who examined the employee on August 7, 1964. Doctor Catullo also testified at the hearing before the trial commissioner. He stated that in his opinion, based on objective findings, the type of treatment the employee was receiving would not relieve any of the effects that the patient was complaining about. When asked the following question: "And you don't feel that heat or massage would have any effect on that or would not relieve that temporarily or for a period of time?" the doctor replied: "This is from my own experience only that I speak and I say that any man whose [sic] had that lengthy period

of physiotherapy and has not received beneficial results, I would definitely not continue that type of treatment because I could see no, no valid reason to do so."

The employee contends that the commission erred in finding that he was not entitled to the medical treatment sought on the ground that such treatment "would only be palliative and of no value to the petitioner at this time." The quoted language appears in the decision of the full commission.

The decree of the full commission affirmed that of the trial commissioner which reads in pertinent part as follows:

"The petitioner has failed to prove by a fair preponderance of the evidence that at this time he is in need of any necessary medical treatment in order to effectuate a cure, rehabilitation or relief of the effects of the injury set forth and contained in the preliminary agreement."

The only question before us is whether there is competent evidence of probative force to support the commission's decree. We hold that there is. Although the evidence on this issue, namely, whether the treatments in question were necessary to "relieve the employee from the effects of his injury [§28-33-5, as amended]," is in conflict, Dr. Catullo's testimony is competent evidence to support the decree of the full commission.

As we construe the decree the commission based it on its finding that the medical treatment sought "was of no value to the petitioner at this time." This finding is supported by the testimony of Dr. Catullo on which the trial commissioner and the full commission rely in arriving at their ultimate findings. In the circumstances the use of the word "palliative" in the commission's decision can be treated as mere surplusage, especially since earlier in its decision the commission indicated that it was relying on Dr. Catullo's testimony that "he saw no need for further treatment of the nature described by the petitioner because such treatment

was of no value to the petitioner at this time." Since the decree of the full commission is supported by competent evidence the findings on which it is predicated, namely, those contained in the decree of the trial commissioner, are, in the absence of fraud, binding and conclusive. *Costa* v. *Cars, Inc.*, 96 R. I. 396, 192 A.2d 1.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Letts & Quinn, Jerome B. Spunt,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for respondent.